## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAWN RUCKER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-15-1860 |
| CHRISTOPHER SCHULTZE REALTY, INC. | * | |
| GEORGE ROMNEY, Secretary of HUD/REO | * | |
| Defendants | | |
| | *** | |

## **MEMORANDUM**

On June 26, 2015, the court ordered plaintiff Dawn Rucker, a resident of Council Bluffs, Iowa, to supplement her complaint by completing a civil cover sheet and to clarify her claim to include relevant information to show that subject-matter jurisdiction exists to sustain her lawsuit. ECF No. 4.  Plaintiff did not provide a civil cover sheet but did provide a supplement, stating that Defendant Christopher Schultze was a contractor who received title to the HUD property to which she claims ownership.[1]  ECF No. 5.

As previously noted, the Clerk opened the case pursuant to 28 U.S.C. § 1331 as an action involving a federal question concerning real property.[2]  Even when read in conjunction with the supplemental pleading (ECF No. 5), the complaint and its attachments are confusing.  At best, the court discerns plaintiff claims ownership of a property located at 3024 Stafford Street, in Baltimore, Maryland.

---

[1]  Plaintiff states that she provided the purchase price for the property, but the monies were credited to Schultze, who received title.  Plaintiff attaches to her supplement a receipt showing that she mailed something to Schultze on July 10, 2015.  ECF No. 5-1.

[2]  Plaintiff appears to be confused as to whether this federal district court is affiliated with the District or Circuit courts of Baltimore City.  *See* caption of complaint, ECF No. 1 at 1 and ECF No. 1 at 4, "Proof of Service."  Maryland's electronic docket does not indicate whether a similar lawsuit involving these parties is pending in the Maryland district or circuit courts.

As the court interprets this complaint, it appears plaintiff placed a $1.00 bid on a dilapidated house listed with HUD, indicating her intent to use Apple Contracting to rehabilitate the property to make it habitable.  Plaintiff believes she was awarded ownership of the property, but provides no documentation to substantiate this claim.[3]  She does provide documentation that the property was somehow sold (by HUD or another entity) to defendant Schultze.  Plaintiff has failed to **briefly and succinctly** clarify her claim to include the relevant date(s), the specific agencies involved, and the outcome of any administrative or other proceedings, including any proceedings in the Maryland state courts.[4]  Although the court has attempted to piece together an understanding of plaintiff's concerns based on the partial pages of documentation provided, it has failed to find a basis for federal jurisdiction from the pleadings and does not believe plaintiff has provided information from which any named defendant could fashion a response to the complaint.  A separate order will issue dismissing the case.

Date:  August 3, 2015                                    _____/s/_____
                                                                        James K. Bredar
                                                                        United States District Judge

---

[3] She claims she made a $1,700 down payment on the purchase, and took out a mortgage of $19,000 (presumably to renovate the property).  She provides no documents to support this claim, which is gleaned from a November 1, 2011 "cover letter," included as an attachment to the Complaint, which also discussed the mortgage rate she wished to "lock-in."  ECF No. 1-1 at 34.

[4] Plaintiff also failed to comply with the court's order to complete a civil cover sheet.